```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LENORE S. RAILA and WHITTON A.)
RAILA,                        )
                              )
     Plaintiffs,              )
                              )
v.                            )   CV No. 3:02CV1600(AVC)
                              )
UNITED STATES OF AMERICA,     )
                              )
     Defendant.               )
```

## ANSWER

COMES NOW Defendant, United States of America, by its attorneys, KEVIN J. O'CONNOR, United States Attorney for the District of Connecticut, and Douglas P. Morabito, Assistant United States Attorney for said District, and answers Plaintiffs' Complaint as follows:

1.   Paragraph 1 states a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant admits that Plaintiffs purport to bring this action pursuant to the Federal Tort Claims Act, but denies that they are entitled to any recovery under the same.

2.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3.   Defendant denies that a United States Postal Service employee placed a package immediately below Plaintiffs' front step.  Except as expressly admitted or denied herein, Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remainder of the allegations contained in Paragraph 3, and therefore, denies the same.

    4.   Defendant denies Paragraph 4 and all subparts thereto.

    5.   Defendant denies that Plaintiff fell as the result of the negligence and/or carelessness of the United States Postal employee. Except as expressly denied herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5, and therefore, denies the same.

    6.   Defendant denies Paragraph 6.

    7.   Defendant denies the allegations contained in Paragraph 7.

    8.   Defendant denies the allegations contained in Paragraph 8.

    9.   Defendant denies the allegations contained in Paragraph 9.

    10.  Defendant denies the allegations contained in Paragraph 10.

    11.  Paragraph 11 states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 11.

    12.  Defendant admits the allegations contained in Paragraph 12.

    13.  Defendant admits that Plaintiff Lenore S. Raila demands judgment in the sum of $300,000.00 and costs, but denies that

Plaintiff Lenore S. Raila is entitled to the same.

## COUNT II

1. Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 4 of the First Count as if fully set forth herein.

5. Defendant denies it was negligent and careless. Except as expressly admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore, denies the same.

6. Defendant denies it was negligent and careless. Except as expressly admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, denies the same.

7. Paragraph 7 states a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' recoveries are limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount against the

Defendant in excess of the amount Plaintiffs set forth in the administrative claims they presented to the United States Postal Service.

3.  Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorney's fees from the United States Postal Service.

4.  Pursuant to 28 U.S.C. § 2402, Plaintiffs are not entitled to a jury trial against the United States.

5.  Plaintiffs' Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

6.  Plaintiff Lenore S. Raila's injuries, damages and losses, if any, were solely and proximately caused by her own negligence, carelessness or recklessness.

7.  Plaintiff Lenora S. Raila's fault and negligence in causing this accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiffs' recoveries, if any, must be diminished in proportion to Plaintiff Lenora S. Raila's fault and negligence in causing the accident.  Moreover, Plaintiffs are prohibited from recovering any amount against Defendant if Plaintiff Lenora S. Raila's fault and negligence in causing the accident was greater than the fault and negligence, if any, of Defendant.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant respectfully moves this Court to dismiss Plaintiffs'

Complaint, for its costs incurred herein, and for such further relief as is just and proper.

        Respectfully submitted,
        KEVIN J. O'CONNOR
        United States Attorney


        _____
        Douglas P. Morabito
        Assistant United States Attorney
        157 Church Street
        P.O. Box 1824
        New Haven, CT 06510
        Telephone: (203) 821-3700
        Fax: (203) 773-5376
        Federal Bar Number ct20962

**CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was mailed via first-class mail, postage prepaid, this _____ day of _____, 2004, to: Todd D. Haase, Esq., 618 West Avenue, Norwalk, CT 06852, Attorney for Plaintiff.

 

                                                _____
                                                DOUGLAS P. MORABITO